IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:17-CR-113 (2) |
| | § | |
| | § | ECF |
| JUAN MARTINEZ | § | |

**MOTION FOR DISCOVERY AND INSPECTION
OF EVIDENCE AND BRIEF IN SUPPORT**

TO THE HONORABLE MARY LOU ROBINSON:

COMES NOW the Defendant, JUAN MARTINEZ, by and through his undersigned counsel and moves this Honorable Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 404(b), F.R.E., the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Sixth Amendment of the United States Constitution, to order the government to produce for inspection and copying, certain material which the Defendant believes is in the possession of the government or its agents or which through due diligence would become known from the investigating officers, witnesses or persons having knowledge of the events giving rise to this cause:

**I.**

Defendant requests the following categories of evidence from the government. In the event the government does not comply, the Defendant moves the court to order the government to produce for inspection, copying, photographing or reproduction, the following material:

1.      Any and all written or recorded statements made by or purported to have been made by the Defendant JUAN MARTINEZ, within the possession, custody or control of the government or any agent thereof, including but not limited to any and all tape recordings of any conversations to which the Defendant was a party and any and all documents, instruments or forms of any kind signed or purported to have been signed by the Defendant herein.  FED. R. CRIM. P. 16(a)(1)(B).

**GRANTED: _____          DENIED: _____**

2.      Any and all oral statements, confessions or admissions purported to have been made by the Defendant JUAN MARTINEZ and any written summary, report or transcription thereof made by any government agent or law enforcement officer, or copy thereof, within the possession, custody or control of the government or any agent thereof.  This request includes, but is not limited to, statements made to witnesses other than law enforcement officers or government agents and the precise words attributed to the Defendant which caused any government agent to conclude that the Defendant was a coconspirator with any other Defendant in this cause. FED. R. CRIM. P. 16(a) (1) (A).

**GRANTED: _____          DENIED: _____**

3.      Any and all statements of any co-defendants or co-conspirators, whether written or oral, or subsequently reduced to writing or summarized in any law enforcement agents' reports or copies thereof, including but not limited to any such statements which the government alleges are admissible statements of a co-conspirator or co-defendant made during the transactions subject of this cause and in furtherance of any alleged conspiracy or agreement.  FED. R. EVID. 801(d)(2)(E), FED. R. CRIM. P. 16(a)(1)(A).

**GRANTED: _____          DENIED: _____**

4.      A copy of any and all of the Defendant's prior criminal records. FED. R. CRIM. P. 16(a)(1)(D).

**GRANTED: _____          DENIED: _____**

5.      Any and all instruments, documents or other tangible objects which were obtained from or are alleged to belong to or were made of or by the Defendant or any co-defendants, unindicted co-conspirators or informants.  FED. R. CRIM. P. 16(a)(1)(E).

**GRANTED: _____          DENIED: _____**

6.      All other instruments, documents, writings, papers, books, tape recordings, transcripts or other tangible objects the government plans to offer into evidence in this case, or which are material to the preparation of the defense.  FED. R. CRIM. P. 16(a)(1)(E).

**GRANTED: _____          DENIED: _____**

7.      Any and all books, papers, documents, instruments, tape recordings, transcripts, or other tangible objects upon which the government relied in returning the indictment against the Defendant and/or defendants.  FED. R. CRIM. P. 16(a)(1)(E).

**GRANTED: _____          DENIED: _____**

8.      Any and all names, addresses and telephone numbers of individual witnesses whom the government intends to call as witnesses at trial, either in its case in chief or as rebuttal witnesses herein, including any witness who could testify to any extrinsic act, conduct or offense of any Defendant. *United States v. Opager,* 589 F.2d 799 (5th Cir. 1979); Rule 404(b), F.R.E.

**GRANTED: _____          DENIED: _____**

9.      Any and all names and addresses of persons who have knowledge pertaining to this case or who have been interviewed by the government or their agents in connection with this case. *United States v. Opager*, 589 F.2d 799 (5th Cir. 1979).

**GRANTED: _____          DENIED: _____**

10.      Any and all FBI, state and local arrest and conviction records of all persons referred to in paragraphs 8 and 9 whom the government plans to call as witnesses or who are listed as possible witnesses in this cause.  FED. R. CRIM. P. 16(a)(1)(C).

**GRANTED: _____          DENIED: _____**

11.     Written statements of all persons in paragraph 8 and 9 whom the government does not plan to call as witnesses. FED. R. CRIM. P. 16(a)(1)(E)(i).


   **GRANTED: _____**                    **DENIED: _____**


12.     The name and address of each government agent, law enforcement agent or other person who participated in the arrest of the Defendant, who was present while the Defendant was being questioned or interrogated and/or made any statements or participated in the search of the Defendant's residence and/or vehicle.  U.S. Const. amends. V, VI and XIV, FED. R. CRIM. P. 12(h) and 26.2.


   **GRANTED: _____**                    **DENIED: _____**


13.     The transcript of testimony of any and all persons who testified before the Grand jury in this cause, including but not limited to the precise nature of any statements attributed to this Defendant or any co-defendant or co-conspirator, whether indicted or not. FED. R. CRIM. P. 6(e)(3)(E)(i), 16(a)(1)(A) and 26.2.


   GRANTED: _____                    DENIED: _____


14.     Any and all documents, instruments, forms or statements of any kind signed or purported to have been signed by any co-defendant in this cause.  FED. R. CRIM. P. 16(a)(1)(E).


   **GRANTED : _____**                    **DENIED: _____**


15.     The name, address and telephone number of any informant or other person who gave information leading to the investigation of the Defendant(s) in this cause or which led to the identification of witnesses, evidence or the arrest of any Defendant in this cause or who was present at, participated in or was a witness to any transaction the subject of this indictment.  U.S. Const. amends. V, VI and XIV; *Roviaro v. United States*, 353 U.S. 53 (1957).


   **GRANTED: _____**                    **DENIED: _____**

16.     Any and all handwriting exemplars, tests, fingerprint impressions or other physical evidence, or test results, obtained by the government relating to this case whether they are of the Defendant, JUAN MARTINEZ, or were of another defendant, a co-conspirator, witness or of some other person or persons known or unknown; and any and all comparisons or written reports of tests, analysis or other examinations conducted regarding the foregoing by the government or any of its agents or under its direction.  FED. R. CRIM. P. 16(a)(1)(F).

**GRANTED: _____          DENIED: _____**

17.     Any and all photographs, film, audio tapes and video tapes and any written transcriptions thereof, of the Defendant, or any co-defendants or coconspirators, whether indicted or not, that relate to any of the offenses charged in this indictment.  FED. R. CRIM. P. 16(a)(1)(B); U. S. Const. amends. V, VI and XIV.

**GRANTED: _____          DENIED: _____**

18.     The name and address of each witness who will be called by the Government, including any witness who could testify to extrinsic offenses, whether or not resulting in a criminal charge or conviction which the prosecution plans to use in rebuttal or to establish motive, system, intent or identify.  Fifth and Sixth Amendments, United States Constitution.

**GRANTED: _____          DENIED: _____**

19.     A list of all overt or extrinsic acts not alleged in the indictment which the Government expects to introduce into evidence.  Rule 404(b), F.R.E.

**GRANTED: _____          DENIED: _____**

20.     A description in writing of each extrinsic offense, act or conduct of the Defendant or any co-defendant or co-conspirator, including the date and place of such offense, act or conduct, which the Government intends to introduce into evidence.  Rule 404(b), F.R.E.

**GRANTED: _____        DENIED: _____**

21.     Any and all materials known to the government or which may become known, or which through due diligence may be learned from the investigating officers or the witnesses or persons having personal knowledge of this case, which is exculpatory in nature or favorable to the accused, or which may lead to exculpatory or favorable material or which might serve to mitigate punishment, including any evidence impeaching or contradicting testimony of government witnesses or the instructions to government witnesses not to speak with or discuss the facts of this cause with defense counsel.  U. S. Const. amends. V, VI and XIV.

**GRANTED: _____        DENIED: _____**

22.     The substance of any and all statements and discussions had with any of the co-defendants or co-conspirators herein, whether indicted or unindicted, or with any such person's counsel indicating a promise or a suggestion of immunity, leniency, compensation, assurance not to prosecute, agreement to proceed only on certain counts of the indictment, representation as to yet uncharged misconduct, or any benefit accruing to such individuals whatsoever in exchange for their cooperation, assistance or testimony at the trial herein.  U. S. Const. amends. V, VI and XIV.

**GRANTED: _____        DENIED: _____**

23.     All search and arrest warrants and supporting affidavits issued for or regarding any Defendant in this cause and in regard to any evidence or property seized or searched in regard to the investigation that gave rise to the indictment.  FED. R. CRIM. P. 16(a)(1)(E).

**GRANTED: _____        DENIED: _____**

24.     All  all information the Government has regarding inconsistent statements of any witness it may call at trial.


**GRANTED: _____**                    **DENIED: _____**


25.     All information the Government has regarding the untruthfulness of any of the witnesses it may call at trial.  FED. R. EVID. 607 and 608.


**GRANTED: _____**                    **DENIED: _____**


26.     All information regarding the use of narcotics by witnesses the Government may call at trial.

A witness' use of narcotics at the time of events or at the trial may serve to impeach his credibility.  *United States v. Killian*, 524 F.2d 1268, 1275 (5th Cir. l975), *cert. denied*, 425 U.S. 935 (1976).  Moreover, witnesses may have been under medication to control their drug dependency at the time of their cooperation with the United States, when they appeared before various grand juries or when they entered their pleas of guilty, if any.  These witnesses may also still be under medication at the present time and may be on medication at trial.


The Defendant is entitled to impeach these witnesses' credibility.  The United States has access to any such witnesses' medical records and has a duty to search its files and the files of other government agencies for evidence material to the defense, even if the prosecution does not intend to use such evidence at trial.  *See United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982).  Further, mental derangement may serve as a ground for impeachment.  *United States v. Heath*, 528 F.2d 191, 192 (9th Cir. 1975); *United States v. Roach*, 590 F.2d 181, 185-86 (5th Cir. 1979).  This motion includes discovery of any psychiatric examinations that may have been administered to any informant witnesses.


**GRANTED: _____**                    **DENIED: _____**

27.     Any notes, tapes and/or memoranda (whether handwritten, video or audio recorded, or otherwise) that may have been made by a government agent in this case, including any person who may have been acting as an informer, or in an investigative or undercover capacity.  If such notes, tapes and/or other memoranda were once in existence but have now been destroyed, the purpose and exact information surrounding their destruction should be furnished in complete detail. If such items have not been destroyed, Defendant would request that the government be ordered to preserve such notes, tapes and/or other memoranda.  *See United States v. Harris*, 543 F.2d 1247 (9th Cir. l976); *United States v. Harrison*, 524 F.2d 421, 431-32 (D.C. Cir. l975).

**GRANTED: _____          DENIED: _____**

28.     Defendant requests the disclosure of whether any government agent, informer or anyone else acting at the direction of the government has communicated with the Defendant since the commencement of adversarial proceedings against the Defendant (in this case or any related state case).  Defendant further requests the identification of such individuals and details and the circumstances of such communications as well as any statements made by both the Defendant and the government agent(s).  *See generally Maine v. Moulton*, 474 U.S. 159, 106 S.Ct. 477, 489 (1985); *United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 2186-89 (1980).

**GRANTED: _____          DENIED: _____**

29.     Defendant requests the disclosure of any witness statements at least forty-eight hours before the witness testifies at trial or at any sentencing hearing.  *See United States v. Rosa*, 891 F.2d 1074, 1077-78 (3rd Cir. 1989).[1]  This request is to enable the Defendant to conduct an adequate cross-examination of the witness.  This request includes, but is not limited to prior testimony such as grand jury testimony, prior written statements, any witness' reports or notes, any reports of prior oral statements and any prosecutor's notes concerning witness statements which have been or may be adopted, approved or verified by the witness.  *Goldberg v. United States*, 425 U.S. 94 (1976).

---

[1]     By separate motion Defendant will be requesting the early production of Jencks Act material at trial.

The Defendant also requests that the Court order the government to produce all exculpatory witness statements as well all negative exculpatory witness statements. *Jones v. Jago*, 575 F.2d 1165, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978) (statements of informed witnesses which do not mention the defendant). The Defendant further requests the Court to order the government to produce any evidence concerning narcotics habits or psychiatric treatment of its witnesses. The Defendant seeks to discover the personnel file of any government witness which may contain evidence material to the preparation of a defense or contain *Brady* or *Giglio* material. *United States v. Cadet*, 727 F.2d 1453, 1467-68 (9th Cir. 1984); *United States v. Gross*, 603 F.2d 757, 759 (9th Cir. 1979); *United States v. Garrett*, 542 F.2d 23, 26-27 (6th Cir. 1976).

**GRANTED: _____           DENIED: _____**

30.     Any information or evidence which was gained by any electronic surveillance, including but not limited to wiretaps, videotapes, tape recorded conversations, or the like concerning the Defendant, any of the alleged co-conspirators or co-Defendants, and/or any witness. If any evidence or information was gathered by such means, Defendant should be provided copies of any written transcripts, reports, or have an opportunity to see or hear any information or evidence so gathered. *See Alderman v. United States*, 394 U.S. 165 (1976); FED. R. CRIM P. 16(a)(1)(C).

**GRANTED: _____           DENIED: _____**

31.   Any exculpatory (Brady) evidence. Defendant would submit the following would be exculpatory:

**1)**     Any evidence that tends to show that the Defendant did not commit the acts alleged in the Indictment.

**2)**     Any evidence that tends to show that the Defendant committed the acts alleged in the Indictment in some manner other than the manner alleged.

**3)**     Any evidence that would be in conflict or contradictory with the evidence the Government intends to introduce at trial.

**4)**     Any inconsistent statements made at any time, by any Government witness,

informant, or agent, concerning the involvement of this Defendant in the acts alleged in the Indictment.

5)   Any physical evidence that is inconsistent with the Defendant's guilt.

6)   Any evidence that could be used to impeach the Government's witnesses in this case.

7)   Any evidence that may tend to show that the Defendant did not have the intent to commit the crimes.

8)   Any evidence that the Defendant is not competent or sane as defined under the law or tending to raise a question concerning competency.

9)   Any and all consideration or promises of consideration given to or on behalf of any witnesses; and any and consideration expected or hoped for by any witness.

10)   Any and all threats, express or implied, direct or indirect, or other coercion made or directed against any witness.

11)   The names, addresses, telephone numbers, and statements of those persons with whom the Government has spoken and who may have some knowledge of the facts of this case, but who will not testify as witnesses for the Government at trial. *See, e;g;, United States v. Narcisco*, 446 F.Supp. 252, 267 (E.D. Mich. 1977); *United States v. Marshak*, 364 F.Supp. 1005, 1007 (S.D.N.Y. 1977); *United States v. Houston*, 339 F.Supp 762, 766 (N.D. Ga. 1972).

12)   Any other evidence that is in any way exculpatory to the Defendant or in any way could raise a reasonable doubt as to his or her guilt.

Defendant requests that the Government's attorney be ordered to examine his or her files and to question the Government's agents, informants, or other persons working with the Government in this case, as to their knowledge of any such evidence or materials. Defendant would further request that he or she be allowed to question the Government's attorney and the Government's agents concerning their knowledge or exculpatory evidence and diligence in attempting to locate such evidence.

**GRANTED: _____**          **DENIED: _____**

## II.

In support of this motion, the Defendant would show the Court as follows:

1.      The items requested are in the exclusive possession, custody and control of the government by and through its agents, law enforcement officers or the prosecuting attorney's office, the existence of which is known or may become known with diligence, and the Defendant has no other means of ascertaining the disclosures requested.

2.      The items requested are not privileged.

3.      The items and information are material to this cause on the issues of guilt or innocence and punishment to be determined.

4.      The Defendant cannot safely go to trial without such information and inspection, nor can the Defendant adequately prepare the defense to the charges against him.

5.      That absent such discovery, the Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution will be violated to him irreparable injury and thus deprive the Defendant of a fair trial herein.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will grant in all things the Defendant's Motion For Discovery and Inspection of Evidence, or in the alternative, that this Court will set the matter down for a hearing prior to trial on the merits, and that at such hearing, this motion will be in all things granted.

Respectfully submitted,

/s/ *David M. Russell*

David M. Russell
State Bar No. 17409300
david@tshhr.com
TEMPLETON, SMITHEE, HAYES,
       HEINRICH & RUSSELL, L.L.P.
320 S. Polk, Suite 1000
Amarillo, Texas 79101
Telephone No. 806/324-0324
Telecopy No. 806/379-8568
***ATTORNEY FOR***
***DEFENDANT JUAN MARTINEZ***

## <u>CERTIFICATE OF CONFERENCE</u>

I, David M. Russell, certify that I conferred with the following parties on the 1st day of November, 2017:

Assistant U.S. Attorney Sean Taylor stated that insofar as the motion complies with Rule 16, Brady, and Giglio, the Government does not oppose the motion.

Mark Packard, Counsel for Co-Defendant, Jessica Oregel Rodriguez, could not be reached.

C.J. McElroy, Counsel for Co-Defendant, Toni Freddy Herrera, could not be reached.

<u>/s/ *David M. Russell*</u>
David M. Russell

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and exact copy of Defendant JUAN MARTINEZ's Motion for Discovery and Inspection of Evidence was electronically served via the CM/ECF system of the United States District Court for the Northern District of Texas on Assistant United States Attorney Sean Long, Mark Packard, Counsel for Co-Defendant, Jessica Oregel Rodriguez and C. J. McElroy, Counsel for Co-Defendant Toni Freddy Herrera on the 1st day of November, 2017.

<u>/s/ *David M. Russell*</u>
David M. Russell