IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § Criminal Action No. 2:17-CR-113-D(2) | |
| VS. § | |
| § | |
| JUAN MARTINEZ, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses two motions for discovery filed by defendant Juan Martinez ("Martinez") and one motion for discovery filed by the government. Martinez is charged in Count One of the indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and in Count Two of the indictment with possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and aiding and abetting.[1] The following motions are pending for decision: Martinez's November 1, 2017 motion for discovery and inspection; Martinez's February 26, 2018 second motion for discovery and inspection; and the government's February 26, 2018 motion for discovery. The trial is set for May 14, 2018.

I

In Martinez's November 1, 2017 discovery motion, he moves for 31 categories

---

[1]Count Two charges aiding and abetting liability by referring to 18 U.S.C. § 2.

(including subcategories) of discovery. The court has organized some of Martinez's categories of evidence into subcategories for purposes of this memorandum opinion and order.

A

*Rule 16 Evidence*

In requests Nos. 1-7, 13, 14, 16, 17, 23, and 30, Martinez requests that the government be ordered to disclose information or evidence that he contends is required by Fed. R. Crim. P. 16(a)(1)(A)-(D). In request No. 1, Martinez requests that the government be ordered to disclose all written or recorded statements made by or purported to have been made by Martinez, within the possession, custody, or control of the government or any agent thereof, including, but not limited to, any and all tape recordings of any conversations to which Martinez was a party and any and all documents, instruments, or forms of any kind signed or purported to have been signed by Martinez. Martinez requests in request No. 2 that the government be ordered to disclose all oral statements, confessions, or admissions purported to have been made by Martinez and any written summary, report, or transcription thereof made by any government agent or law enforcement officer, or copy thereof, within the possession, custody, or control of the government, or any agent thereof, including statements made to witnesses other than law enforcement officers or government agents, and the precise words attributed to Martinez that caused any government agent to conclude that he was a coconspirator with any other defendant. In request No. 3, Martinez requests that the government be ordered to disclose all statements of any codefendants or coconspirators,

whether written or oral, or subsequently reduced to writing, or summarized in any law enforcement agents' reports or copies thereof, including, but not limited to, such statements that the government alleges are admissible statements of coconspirators or codefendants made during the transactions that are the subject of this case and in furtherance of any alleged conspiracy or agreement.  Martinez requests in request No. 4 that the government be ordered to disclose a copy of his prior criminal records.  In request No. 5, Martinez requests that the government be ordered to produce any and all instruments, documents, or other tangible objects that were obtained from, or are alleged to belong to, or were made of or by, him or any codefendants, unindicted coconspirators, or informants.[2]  Martinez requests in request No. 6 that the government be ordered to produce all other instruments, documents, writings, papers, books, tape recordings, transcripts, or other tangible objects that the government plans to offer into evidence in this case, or that are material to the preparation of the defense.  In request No. 7, Martinez requests that the government be ordered to produce any and all books, papers, documents, instruments, tape recordings, transcripts, or other tangible objects upon which the government relied in returning the indictment against him and/or the other defendants.  Martinez requests in request No. 13 that the government be ordered to produce the transcript of testimony of any and all persons who testified before the grand jury in this case, including, but not limited to, the precise nature of any statements attributed to Martinez or any codefendant or coconspirator, whether indicted or not.  In request No. 14, Martinez

---

[2]*See infra* at § I(D) for discussion of disclosure of any informant's identity.

requests that the government be ordered to produce any and all documents, instruments, forms, or statements of any kind, signed or purported to have been signed, by any codefendant in this case. Martinez requests in request No. 16 that the government be ordered to produce any and all handwriting exemplars, tests, fingerprint impressions, or other physical evidence or test results obtained by the government relating to this case, whether they are of Martinez, another defendant, a coconspirator, a witness, or of some other person or persons known and unknown, and any and all comparisons or written reports of tests, analysis, or other examinations conducted regarding the foregoing by the government or any of its agents or under its direction. In request No. 17, Martinez requests that the government be ordered to produce any and all photographs, film, audio tapes, and video tapes, and any written transcriptions thereof, of Martinez or any codefendants or coconspirators, whether indicted or not, that relate to any of the offenses charged in the indictment. Martinez requests in request No. 23 that the government be ordered to produce all search and arrest warrants and supporting affidavits issued for or regarding any defendant in this case and in regard to any evidence or property seized or searched in connection with the investigation that gave rise to the indictment. In request No. 30, Martinez requests that the government be ordered to produce copies of any written transcripts or reports of, or give him the opportunity to hear, any information or evidence that was gained by electronic surveillance, including, but not limited to, wiretaps, videotapes, tape recorded conversations, or the like concerning Martinez, any of the alleged coconspirators or codefendants, and/or any witness.

      To the extent that Martinez requests discovery that the government is required to

disclose under Rules 16(a)(1)(A)-(D), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

B

*Witness Lists and Persons with Knowledge*

Martinez requests in request No. 8 that the government be ordered to produce the names, addresses, and telephone numbers of individual witnesses whom the government intends to call as witnesses at trial, either in its case-in-chief or as rebuttal witnesses, including any witness who could testify to any extrinsic act, conduct, or offense of any defendant. In request No. 9, Martinez requests that the government be ordered to produce the names and addresses of persons who have knowledge pertaining to this case or who have been interviewed by the government or its agents in connection with this case. Martinez requests in request No. 10 that the government be ordered to produce all FBI, state, and local arrest and conviction records of all persons referred to in requests Nos. 8 and 9 whom the government plans to call as witnesses or who are listed as possible witnesses in this case. In request No. 11, Martinez requests that the government be ordered to produce written statements of all persons in requests Nos. 8 and 9 whom the government does *not* plan to call as witnesses. Martinez requests in request No. 18 that the government be ordered to produce

the name and address of each witness who will be called by the government, including any witness who could testify to extrinsic offenses, whether or not resulting in a criminal charge or conviction, that the prosecution plans to use in rebuttal or to establish motive, system, intent, or identity.

To the extent Martinez requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

C

*Government Agents*

Martinez requests in request No. 12 that the government be ordered to produce the name and address of each government agent, law enforcement agent, or other person who participated in Martinez's arrest, who was present while Martinez was being questioned or interrogated, and/or who made any statements or participated in the search of Martinez's residence and/or vehicle.

To the extent Martinez requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

D

*Informants*

Martinez requests in request No. 15 that the government be ordered to produce the name, address, and telephone number of any informant or other person who gave information leading to the investigation of Martinez or that led to the identification of witnesses, evidence, or the arrest of any defendant in this cause, or who was present at, participated in, or was a witness to any transaction the subject of the indictment in this case.

If the government has used an informant in investigating or prosecuting Martinez, it must notify the court *in camera* no later than April 25, 2018. With respect to other individuals, to the extent Martinez requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

E

*Rule 404(b) Evidence*

Martinez requests in request No. 19 that the government be ordered to produce a list of all overt or extrinsic acts not alleged in the indictment that the government expects to introduce into evidence. In request No. 20, Martinez requests that the government be ordered to produce a description in writing of each extrinsic offense, act, or conduct of the defendant or any codefendant or coconspirator, including the date and place of such offense, act, or

conduct, that the government intends to introduce into evidence.

The court grants the motion to the extent that the government must comply with Rule 16 and Fed. R. Evid. 404(b). The government must make any disclosures required by Rule 404(b) no later than the deadline specified *infra* at § III. Otherwise, the motion is denied.

F

*Impeachment Evidence*

In request No. 21, Martinez requests that the government be ordered to produce any and all materials known to the government or that may become known, or that through due diligence may be learned from the investigating officers, the witnesses, or persons having personal knowledge of this case, that is exculpatory in nature or favorable to the accused or that may lead to exculpatory or favorable material or that might serve to mitigate punishment, including any evidence impeaching or contradicting testimony of government witnesses or the instructions to government witnesses not to speak with or discuss the facts of this cause with defense counsel. Martinez requests in request No. 22 that the government be ordered to produce the substance of any and all statements and discussions had with any of the codefendants or coconspirators herein, whether indicted or unindicted, or with any such person's counsel indicating a promise or a suggestion of immunity, leniency, compensation, assurance not to prosecute, agreement to proceed only on certain counts of the indictment, representation as to yet uncharged misconduct, or any benefit accruing to such individuals whatsoever in exchange for their cooperation, assistance, or testimony at the trial herein. Martinez requests in request No. 24 that the government be ordered to produce all

information it has regarding inconsistent statements of any witness it may call at trial, and in request No. 25 that the government be ordered to produce all information it has regarding the untruthfulness of any of the witness it may call at trial. In request No. 26, Martinez requests that the government be ordered to disclose any information known to the government, or that may become known by searching its files and the files of other government agencies, regarding the use of narcotics by any witness whom the government may call at trial, at the time of their cooperation with the government, when they appeared before the grand jury, when they entered their guilty pleas, or at trial. He also requests disclosure of any psychiatric examinations administered to any informant witness.[3]

To the extent Martinez requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

G

*Government Investigation Notes*

In request No. 27, Martinez requests that the government be ordered to disclose any notes, tapes, and/or memoranda that may have been made by a government agent in this case,

---

[3]*See supra* at § I(D) for discussion of disclosure of any informant's identity.

including any person who may have been acting as an informer[4] or in an investigative or undercover capacity. He further requests that if such notes, tapes, and/or other memoranda were once in existence but have now been destroyed, the government be ordered to disclose the purpose and exact information surrounding their destruction, and that if such items have not been destroyed, the government be ordered to preserve such notes, tapes, and/or other memoranda.

To the extent Martinez requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The court grants Martinez's request that the government be required to preserve its agents' notes, tapes, and/or memoranda, even if such materials are not disclosed to Martinez.

H

*Government Communications to Martinez*

Martinez requests in request No. 28 that the government be ordered to disclose whether any agent, informer,[5] or anyone else acting at its direction has communicated with Martinez since the commencement of adversarial proceedings against him (in this case or any related state case), including the identification of such individuals and the details and

---

[4] *See supra* at § I(D) for discussion of disclosure of any informant's identity.

[5] *See supra* at § I(D) for discussion of disclosure of any informant's identity.

circumstances of such communications as well as any statements made by both Martinez and the government agent(s).

To the extent Martinez requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

I

*Witness Statements*

Martinez requests in request No. 29 that the government be ordered to disclose any witness statements at least 48 hours before the witness testifies at trial or at any sentencing hearing. Martinez requests disclosure of any witness' prior testimony (such as grand jury testimony), prior written statements, and reports or notes, any reports of prior oral statements, and any prosecutor's notes concerning witness statements that have been or may be adopted, approved, or verified by the witness. Martinez also requests that the court order the government to produce any exculpatory witness statements, negative exculpatory witness statements, and evidence concerning narcotic habits or psychiatric treatment of any government witness. Martinez also seeks to discover the personnel files of any government witness that may contain evidence material to the preparation of a defense or contain *Brady* or *Giglio* material.

To the extent Martinez requests discovery that the government is required to disclose

under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The court denies Martinez's request regarding the production deadline for witness statements. "18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination." *United States v. Khoury*, 2014 WL 6633065, at *5 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.). "In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *Id*. Thus the government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

J

Brady *Material*

In request No. 31, Martinez requests that the government be ordered to disclose any exculpatory evidence, as required by *Brady*, and listing 12 subcategories of evidence that he maintains would be exculpatory. He also requests that the government's attorney examine his or her files and question the government's agents, informants,[6] or other persons working with the government in this case concerning their knowledge of any such evidence or

---

[6]*See supra* at § I(D) for discussion of disclosure of any informant's identity.

materials.  Martinez also requests that he be allowed to question the government's attorney and agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

To the extent Martinez requests discovery that the government is required to disclose under *Brady*, the motion is granted.  To the extent his requests exceed what *Brady* requires, the motion is denied.

II

In his February 26, 2018 second motion for discovery and inspection, Martinez requests that the government be ordered to produce a written summary of any testimony that it intends to use under Fed. R. Evid. 702, 703, or 705 during its case-in-chief, including a description of the witness' opinions, the bases and reasons for those opinions, and the witness' qualifications.

The court grants the motion to the extent that Fed. R. Evid. 16(a)(1)(G) requires disclosure by the government; to the extent Martinez requests greater relief, the motion is denied.  The court orders the government to comply with Fed. R. Evid. 16(a)(1)(G) no later than the deadline specified *infra* at § III.

III

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than April 30, 2018.

Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the

custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which the defendant will begin his cross-examination of the witness.

IV

The government moves for discovery under Rule 16(b).  It maintains that it has disclosed, or is in the process of disclosing, to Martinez the evidence in the government's possession that is subject to discovery under Rule 16(a)(1), and it moves the court to order Martinez to comply with the obligations imposed by Rule 16(b)(1)(A), 16(b)(1)(B), and 16(b)(1)(C).  The government also moves the court to permit the government—at the time a defense witness testifies at trial—to examine, inspect, and copy any evidence, material, or matters that might impeach or discredit the credibility of witnesses whom the defendant intends to call at trial, and to permit the government to examine, inspect, and copy any statements of any witnesses, written, oral, summarized, and/or adopted by said witnesses, including investigator's notes and work papers, that the defendant calls as a witness at the trial.  Martinez has not responded to the motion.

To the extent the government is entitled to discovery under Rule 16(b)(1) and has satisfied any applicable prerequisite prescribed by that rule, the court grants the motion; otherwise, the motion is denied.  Martinez must make the required disclosures no later than

the deadline specified *supra* at § III.

**SO ORDERED**.

April 23, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE